## (November 11, 1971)

■ In the Matter of MATTHEW RUSSO, Respondent, v. WATERFRONT COMMISSION OF NEW YORK HARBOR, Appellant.— Judgment, Supreme Court, New York County, entered July 27, 1971, modified, on the law and in the exercise of discretion, to strike the second decretal paragraph and to allow petitioner to reapply for registration as a longshoreman immediately upon publication of this order and, as so modified, the judgment is affirmed, without costs and without disbursements. We agree with Special Term's conclusion that the penalty of permanent revocation imposed by the respondent was too severe (see *Matter*

*of Tannenholz* v. *Waterfront Comm. of N. Y. Harbor,* 36 A D 2d 930), and believe that it was proper to adopt, as apparently did Special Term (in its decision) the recommendation of the hearing officer that petitioner be permitted to reapply for registration after 60 days, such period to commence on June 24, 1971. However, we do not believe that it was proper to include in the judgment the provision that petitioner " be accepted for re-employment after such time period, unless and until it appears that there is some valid reason, other than the reason which appeared for his sixty (60) day suspension, that should ban him from working on the waterfront." Such provision improperly infringes upon the respondent's discretion in considering whatever factors it deems relevant as to issuance of the subject license. While we do not necessarily believe that it would be proper for the commission to refuse a new application by petitioner for registration as a longshoreman, solely on the basis of the offense involved herein, nevertheless, we should not, in advance of any decision by respondent determine what it can and what it cannot consider on the new application. However, since we agree that Special Term was correct in allowing petitioner to reapply within 60 days after June 24, 1971, and since a period in excess of 60 days has now elapsed, petitioner should be permitted to reapply for the subject license immediately. Concur — Markewich, Murphy, Steuer and Tilzer, JJ.; McGivern, J. P., concurs in part and dissents in part in the following memorandum: Although I concur in the modification, I would simply reduce the punishment from revocation to a " suspension for a period commencing with the effective date of the temporary order suspending petitioner's license to the date of publication of this decision ", as was done in *Matter of Tannenholz* v. *Waterfront Comm. of N. Y. Harbor* (36 A D 2d 930).